IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KELSEY DARLENE UNITS,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 20-CV-3036-CJW-KEM<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This matter is before the Court on a February 1, 2022 Report & Recommendation ("R&R") by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 24). Judge Mahoney recommends the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Kelsey Darlene Units' ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. (*Id.*, at 1). On February 15, 2022, claimant filed a timely objection. (Doc. 25). The Commissioner has not yet responded and the deadline for a response has not expired. Given the parties' earlier briefing on these issues, however, the Court elects to rule without waiting for a response. *See* LR 7(e).

For the following reasons, the Court **overrules** claimant's objections (Doc. 25), **accepts** Judge Mahoney's R&R (Doc. 24) without modification, and **affirms** the decision of the Commissioner.

## II. APPLICABLE STANDARDS

### A. Judicial Review of the Commissioner's Decision

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quotation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quotation omitted).

To determine whether the Commissioner's decision meets this standard, the court "consider[s] all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "evidence [which] supports the Commissioner's decision [and] evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quotation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555, or "review the

2

factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quotation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quotation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of an R&R

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge]

3

would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

In July 2017, claimant applied for Social Security benefits, alleging she became disabled due to back pain and right shoulder injury. (AR 69-70).[1] The Commissioner denied her application on initial review in December 2017 and again on reconsideration in June 2018. (AR 65-122). On July 18, 2019, an ALJ held a hearing on claimant's application. (AR 10).

On September 11, 2019, the ALJ issued a written opinion finding claimant was not disabled. (AR 10-23). The ALJ found that claimant suffered from the following severe impairments: "degenerative disc disease of the lumbar spine, spondylosis at L4, mild degenerative joint disease of the right hip, obesity, and history of left carpal tunnel release surgery and trigger release surgery of the left thumb." (AR 12). The ALJ found that claimant suffered from depression but that it caused no "more than minimal limitation

---

[1] "AR" refers to the administrative record by page number.

in [her] ability to perform basic mental work activities and [wa]s therefore non-severe."
(AR 13-15). The ALJ did not discuss claimant's shoulder injury at step two of the
analysis. For purposes of determining claimant's ability to perform her past work (at
step four) and other work (at step five), the ALJ determined claimant's Residual
Functional Capacity ("RFC")[2] as follows:

> [C]laimant has the [RFC] to perform sedentary work . . . except [she] can
> lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can
> stand and/or walk for two hours in an eight hour workday, with normal
> breaks, and sit for six hours in an eight-hour workday with normal breaks.
> She should never climb ladders, ropes, or scaffolds. She can occasionally
> stoop, kneel, and crawl. She can frequently handle and finger on the left
> hand. She can tolerate frequent exposure to extreme cold.

(AR 16). Based on her RFC, age, education, and work experience, the ALJ found that
although claimant could not perform her past work, other jobs existed in significant
numbers in the national economy she could perform, including food and beverage order
clerk, document specialist, and printed circuit board screener. (AR 22). On June 23,
2020, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-3).

On August 20, 2020, claimant filed her complaint with this Court. (Doc. 3). By
August 2021, the parties had fully briefed the issues. (Docs. 19, 20, 22). On August
16, 2021, the Court deemed the case ready for decision and referred it to Judge Mahoney
for an R&R. (Doc. 23).

In her brief, claimant argued the ALJ erred in failing to include her shoulder
impairment, carpal tunnel in her right hand, and depression as severe impairments. (Doc.
19, at 5, 14). Although claimant agrees that she was limited to sedentary work, she
argued that "the evidence also establishe[d] that due to her pain she would need extra

---

[2] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

breaks, would work at a slow pace, would have limitations on use of her right shoulder, would not be able to use her hands frequently and would miss work more than two days per month." (*Id.*, at 6). Claimant also argued that "her mental impairments have more than a minimal effect on her functioning since they affect her ability to interact with people and affect her pace." (*Id.*, at 14).

In her R&R, Judge Mahoney found that the ALJ's failure to address claimant's alleged shoulder impairment was harmless, finding "[t]he record overwhelmingly supports the ALJ's decision" because the medical records did not support the limitation and the ALJ properly discounted claimant's subjective complaints of should pain. (Doc. 24, at 5-8). As for claimant's complaint of right hand carpal tunnel, Judge Mahoney again found no error because the medical records did not support that finding and the ALJ properly discounted claimant's subjective complaints as inconsistent with the medical records and claimant's daily activities. (*Id.*, at 8-9). Judge Mahoney also found that the medical records supported the ALJ's conclusion that, with medication, claimant's depression was not severe. (*Id.*, at 9-11). As for claimant's assertion that the RFC should have allowed for extra breaks, unscheduled absences, and greater limitations for her left hand, Judge Mahoney found substantial evidence supported that claimant's subjective complaints were inconsistent with her daily activities and medical records. (*Id.*, at 11-16).

### IV. CLAIMANT'S OBJECTIONS TO THE R&R

In her objections to Judge Mahoney's R&R, claimant asserts that Judge Mahoney erred by concluding that the ALJ's finding that her shoulder impairment was not severe was supported by the record. (Doc. 25, at 1-4). Claimant also argues that Judge Mahoney erred by concluding that the ALJ's RFC was supported by substantial evidence as to claimant's need for extra breaks, unexcused absences, and more limited use of her hands. (Doc. 24, at 4-6). The Court will discuss each issue in turn. The ultimate

6

question before the Court, however, is whether there is substantial evidence in the record as a whole to support the ALJ's conclusion. Judge Mahoney found there was. The Court agrees and finds that Judge Mahoney did not err in her analysis.

## V. DISCUSSION

### A. Whether Claimant's Shoulder Impairment Was Severe

Claimant argues that Judge Mahoney should have found that the ALJ erred in failing to find her shoulder limitations as severe. (Doc. 25, at 1-4). Claimant argues that the objective medical evidence showed she had a shoulder injury and "somewhat limited" movement in her left shoulder. (*Id.*, at 1-2). Claimant argues that the ALJ improperly discounted her subjective complaints, asserting that those complaints were consistent with earlier answers she provided on forms. (*Id.*, at 2). Claimant also cites legal authority for the proposition that "[t]he simple ability to perform very limited daily activities does not establish the ability to do competitive work on a day in day out basis." (*Id.*). Claimant also argues that the ALJ should have given greater weight to her sworn testimony than to answers she gave in forms because she might have forgotten to check a box or include something on a form, and "no one [wa]s going to ask follow up questions." (*Id.*, at 2-3). To the extent there was inconsistency, claimant argues the ALJ should have developed the record more by questioning her about it and giving her a chance to explain. (*Id.*, at 3).

The Court finds that Judge Mahoney did not err in finding that the ALJ's failure to find claimant's shoulder impairment was severe was not error. Judge Mahoney reviewed and summarized the objective medical records addressing claimant's shoulder impairment. (Doc. 24, at 1-2). Judge Mahoney noted that although claimant expressed an inability to work because, in part, of her shoulder impairment, the record showed she quit her job because she did not like manufacturing work and wanted to instead focus on raising her children. (*Id.*, at 2). Judge Mahoney recognized that the ALJ did not discuss

claimant's shoulder impairment at Step 2, when considering whether impairments were severe (*Id.*, at 3), but found that to be harmless, finding "[t]he record overwhelmingly supports the ALJ's decision not to include RFC limitations related to a shoulder impairment (and to discount [claimant's] testimony regarding shoulder pain limitations)." (*Id.*, at 7-8). In reaching this conclusion, Judge Mahoney reviewed in great detail the administrative record about claimant's shoulder impairment, which included expressions of skepticism by a doctor about claimant's subjective complaints of shoulder pain. (*Id.*, at 5-6). Judge Mahoney also noted that the last time claimant sought treatment for her shoulder was in 2013, although she occasionally mentioned shoulder pain in later medical appointments. (*Id.*, at 6-7). In short, the Court finds Judge Mahoney thoroughly reviewed the medical record and properly concluded that claimant's shoulder impairment was not severe and her subjective complaints were exaggerated.

Claimant is correct that the ability to perform daily activities does not establish an ability to work. *See Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005). Here, though, neither the ALJ nor Judge Mahoney found that claimant's ability to perform daily activities meant that her shoulder impairment was not severe. Rather, they found that her subjective complaints of shoulder pain were inconsistent with her medical records and daily activities. The ALJ observed claimant while she testified during the hearing. The ALJ's credibility finding is entitled to deference. *See Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016) (the district court defers to credibility findings if they are supported by "good reasons and substantial evidence" (quotation omitted)); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.").

An ALJ is required to develop the record fully and fairly. *See Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). This does not mean, however, that an ALJ is required to confront a claimant during a hearing with every inconsistency and give her an

8

opportunity to explain inconsistencies. It is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant. *See Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994).

Thus, the Court overrules claimant's objection to Judge Mahoney's R&R as it relates to claimant's assertion that the ALJ erred in failing to find her shoulder impairment was severe.

### B. *Whether the RFC Should Have Included Breaks, Absences, etc.*

Claimant argues that Judge Mahoney erred in concluding that substantial evidence supported the ALJ's decision to exclude a need for extra breaks, unexcused absences, and limitations on the use of her hands in the RFC. (Doc. 25, at 4-6). Claimant reiterates points she made in her brief about her back and hand impairments. (*Id.*, at 4-5). She does not specify how she claims Judge Mahoney erred other than in reaching a different conclusion than claimant. Claimant only mentions the R&R in passing reference or conclusory disagreement. Claimant does not argue that Judge Mahoney made any error of law or fact.

In essence, claimant asks the Court to reverse the Commissioner's decision for the reasons already argued to, and addressed by, Judge Mahoney. Indeed, claimant's objections require the Court to duplicate the work Judge Mahoney has already done, thus defeating the entire purpose of the R&R. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object"); *United States v. Scott*, No. CR07-2004-MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that a number of circuits hold that a district court need not conduct a de novo review of a magistrate judge's R&R where

9

the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate [judge's] report and recommendation."). The Eighth Circuit Court of Appeals has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (quoting *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review.")). Still, the Eighth Circuit has suggested that, in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review more liberally, even in the face of general objections. *See id.* (holding that a pro se litigant's objections were "definite enough" to trigger de novo review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, claimant was represented by an experienced attorney. Although the Court would be well within its discretion to treat claimant's objections as if none were made at all, the Court will instead, out of an abundance of caution, conduct a de novo review of the arguments raised. Having done so, the Court finds that Judge Mahoney did not err.

The Court finds that Judge Mahoney accurately summarized the evidence involving claimant's back and hand impairments. (Doc. 24, at 1-2, 8-9, 13-16). Judge Mahoney also accurately summarized the evidence presented during the hearing before the ALJ. (*Id.*, at 12-13). The Court agrees with Judge Mahoney's conclusion that the objective medical records and claimant's "extensive" daily activities are inconsistent with the subjective limitations she claims about her back and hands. (*Id.*, at 13, 16). In short, the Court agrees with Judge Mahoney that substantial evidence supports the ALJ's

10

determination that claimant "could perform sedentary work and that her back pain was not so severe that she would need extra breaks or unexcused absences." (*Id.*, at 14). Likewise, the Court agrees with Judge Mahoney "that substantial evidence supports the ALJ's determination not to include greater limitations related to handling and fingering in the RFC." (*Id.*, at 16).

Thus, the Court overrules claimant's objection to Judge Mahoney's R&R as it relates to claimant's assertion that the ALJ exclusion of the need for extra breaks, unexcused absences, and greater limitations related to claimant's hands in the RFC.

## VI. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 25) to the Report and Recommendation (Doc. 24) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 24) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 2nd day of March, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa